The opinion of the Court was delivered’ by
Nott, J.
By several statutes[1] of England, made of force in this State, *443 a justice of the peace, upon complaint made to him, that any person or persons have forcibly entered upon his lands and tenements, and turned him out,' and still keeps the possession, is authorized to" repair to the place where the force is said to be committed, and there to make inquiry into the matter; and if he find the charge to be true, he may issue a writ of restitution to remove the intruder, and to restore the person, thus forcibly expelled, to his possession again. Bacon’s Bor. Ent.- But if the defendant tender a traverse of the force, no restitution ought to be allowed, until such traverse be tried, And the justice or justices, before whom the indictment is found, are required to issue a venire immediately, and im-pannel a jury to try .the question. Do. do. G. And if the writ of restitution is improperly granted, this Court, like the Court of King’s Bench in England, will grant a writ of restitution to the defendant. As where the indictment is quashed for insufficiency, or where the'justices refuse to try the traverse of force, &c. But I can find no case where the Court, which is to try the traverse, has granted a writ of restitution, until the question of force has been determined.
O'Neal, for the motion. Stark, Solicitor, contra.
The question; so far as regards the present case, is quite immaterial, because the ‘traverse has been tried, and the defendant convicted. But it is important as it regards the future practice of the Court. The object of the law is to give to a person who has been unjustly and forcibly, deprived of his possession, prompt *and adequate- r^ino redress, by restoring him again to that possession. It will not ■- however suffer the relative situation of the parties to be changed, without giving the accused an opportunity of being heard in his defence. If, therefore, a person, against whom a bill of indictment is found, traverses the force, the writ of restitution shall not be awarded, until that question is tried. But then it must be done without delay. The defendant is not entitled to the indulgence of a term, as is usually allowed in other cases of misdemeanor. Such delay would go to deprive an injured party of that speedy justice which it was the intention .of the statutes to afford. The traverse must be tried the term at which the indictment is found, unless such cause is shown to the Court as will authorize them to refuse the writ of restitution, until the succeding term.
The object of this application having been already obtained, the motion may be discharged. ■ •
Colcock, G-ANTTj Johnson and RichaRDSon, JJ., concurred.

 See the statutes collected in State v. Huntingdon, 3 Brev. 111, or 1 Tread. 325 : more fully explained in State v. Spierin, 1 Brev. 119 ; see also 2 Brev. 445 ; 3 Brev. 413, or 2 Tread. 489 ; Harp. Appendix, 503.